| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-18- |

| | |
|---|---|
| **ROBERT R. YOUNG,**<br>an individual residing in Rockport,<br>County of Knox, State of Maine,<br><br>    **Plaintiff,**<br><br>vs.<br><br>**SHAW'S SUPERMARKETS, INC.**<br>of Westbrook, County of Cumberland,<br>State of Maine,<br><br>**Defendant.** | **COMPLAINT** |

By this action, Plaintiff seeks to recover against Defendant for, inter alia, Wrongful Employment Discrimination, Retaliation and Discharge in Violation of: 1) the Age Discrimination in Employment Act 29 USC § 621, et. seq; 2) the Whistleblower's Protection Act, 26 MRSA §831 et seq. and 26 M.R.S.A. § 570; and 3) the Maine Human Rights Act, 5 M.R.S.A. § 4551, et. seq., (including §§ 4572 and 46 33). Plaintiff also seeks damages for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.

## PARTIES, JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 5 M.R.S.A. §4621.

2. Plaintiff Robert R. Young is a resident of Rockport, Knox County, Maine.

3. Defendant Shaw's Supermarkets, Inc. ("Shaw's"), is a Massachusetts Grocery Store Conglomerate with multiple retail locations in Maine including a regular retail location at

17 Main Street, Westbrook, Cumberland County, Maine. Defendant employs +200 employees.

4. This Court is an appropriate venue for this dispute because the unlawful employment discrimination occurred at Defendant's retail location at 17 Main Street, Westbrook, Cumberland County, Maine.

## STATEMENT OF FACTS

5. Plaintiff is a member of an age protected class, being 70 years of age, born on March 28, 1947.

6. Plaintiff was employed with Defendant for eighteen (18) years. Plaintiff's last location of employment with Defendant was at Shaw's Supermarket located at 17 Main Street, Westbrook, Maine. Defendant was discharged on August 20, 2016.

7. At all times material, Defendant engages in wrongful age discrimination in its work place. Scamman v. Shaw's Supermarkets, Inc., 2017 ME 41.

8. On or about August 18 or 19, 2016, Plaintiff refused the sale of alcohol to an intoxicated person, as required by (or in good truth believed by Plaintiff to be required by) Maine law and Defendant's policies. The intoxicated person presented a safety and health risk to Plaintiff and other store employees and customers. Defendant's Westbrook Maine store lacked necessary, appropriate and sufficient security to protect the Plaintiff and other Shaw's employees and customers in the situation. Defendant provided Plaintiff with no training for such situation. Plaintiff called the Westbrook Police Department to assist with the situation.

9. Plaintiff complained to Defendant about the lack of necessary, appropriate and sufficient security and training to protect Plaintiff and other Shaw's employees and customers from intoxicated persons in the Westbrook, Maine store.

10. After nearly 18 years of employment, on or about August 20, 2016, purportedly due to the incident, Plaintiff was fired.

11. Defendant wrongfully fired the Plaintiff because of age and because he refused the sale of alcohol to an intoxicated person and because he called the police and because he complained to Defendant about the lack of necessary, appropriate and sufficient security and training to protect Plaintiff, other store employees and customers.

12. Defendant discriminated and retaliated against Plaintiff for refusing the sale of alcohol to an intoxicated person and discriminated and retaliated against Plaintiff for complaining about Defendant's response to the incident and for Plaintiff's complaint over Defendant's failure to provide necessary, appropriate and sufficient security and training.

13. Prior to firing the Plaintiff, Defendant, under pretext, had terminated and/or relocated other older workers, from desirable positions and locations to less desirable positions and locations.

14. After being fired, Plaintiff requested his complete personnel file and statement of Reasons for Termination, pursuant to 26 M.R.S.A. §§630 and 631.

15. Plaintiff's employment file contained no evidence or statements of the August 2016 incident or any investigations.

16. Defendant's statement of Reasons for Termination was and is so overgeneralized, non-specific and vague that it fails to provide a meaningful and specific response as required by law.

3

17. Defendant terminated Plaintiff's employment for unlawful and retaliatory reasons. Plaintiff was terminated because of his age and in retaliation for refusing the sale of alcohol to an intoxicated person and for calling the police and for complaining to Defendant of unsafe conditions and lack of training at Defendant's Westbrook store and for complaining about Defendant's response to the August 2016 incident in which Plaintiff refused the sale of alcohol to an intoxicated person.

18. Prior to filing this Complaint, Plaintiff filed a complaint with the Maine Human Rights Commission and EEOC.

19. On April 18, 2018 Plaintiff received a Right to Sue letter from the Maine Human Rights Commission.

20. Plaintiff has suffered injuries and indignities, including economic damages and losses including back pay and front pay, and loss of benefits, as result of Defendant's wrongful actions. Defendant is liable to Plaintiff in an amount to be determined for, inter alia, Wrongful Discrimination, Retaliation and Discharge in violation of the Age Discrimination in Employment Act, the Whistleblower Protection Act and the Maine Human Rights Act.

## COUNT I – AGE DISCRIMINATION

21. Plaintiff repeats and re-alleges each of the allegations contained in paragraph one through 20, as if set forth fully herein.

22. Defendant's conduct as herein alleged, violated the State and Federal Age Discrimination Employment Acts, 29 U.S.C. § 621 and 5 M.R.S.A. § 4572, which makes unlawful discrimination against employees on the basis of age.

23. Plaintiff was 69 years old (DOB: 3/28/1947) and a member of a protected age class.

24. Defendant engaged in systemic practices and pretexts designed and intended to discriminate against workers because of age. <u>Scamman v. Shaw's Supermarkets, Inc., 2017 ME 41.</u>

25. Defendant discriminated against Plaintiff because of age when Defendant terminated him.

26. Plaintiff was protected from discrimination because of his age when terminated.

27. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has losses in compensation (past, present and future), earning capacity, career path, humiliation, mental anguish and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

28. Defendant's wrongful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

29. By virtue of the foregoing, Defendant is liable to Plaintiff for age discrimination and wrongful discharge in an amount to be determined together with interest, costs and attorneys' fees. Plaintiff seeks recovery of all available remedies and all forms of damages, including punitive damages.

## COUNT II – WRONGFUL DISCRIMINATION AND DISCHARGE IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT

30. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs one through 29, as if set forth fully herein.

31. To the extent not expressly pled in Count I, Defendant's conduct as herein alleged violated 5 M.R.S.A. 4572, which under Maine law prohibits discrimination based on age.

32. Defendant's conduct herein alleged violated Maine's Human Rights Act, which makes it an unlawful employment practice for an employer to discharge and/or discriminate against an employee in the terms, conditions and privileges of employment because of his age. 5 M.S.R.A. § 4572.

33. Defendant discriminated against Plaintiff in violation of Maine Human Rights Act when Defendant discharged Plaintiff because of his age.

34. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation (past, present and future), earning capacity, career path, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

35. Defendant's wrongful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

36. By virtue of the foregoing, Defendant is liable to Plaintiff for discrimination and discharge in violation of the Maine Human Rights Act in an amount to be determined together with interest, costs and attorneys' fees. Plaintiff seeks recovery of all available remedies and all forms of damages, including punitive damages.

## COUNT III – WHISTLEBLOWER PROTECTION, RETALIATION AND WRONGFUL DISCHARGE

37. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs one through 36, as if set forth fully herein.

38. Defendant's conduct as herein alleged violated Maine's Whistleblower Protection Act, 26 M.R.S.A. § 831 et. seq., and violated 26 M.R.S.A. § 570, and violated the Maine Human

Rights Act, 5 M.R.S.A. § 4551, et. seq. (including § 4633), which makes it a wrongful employment practice for an employer to discharge, retaliate or discriminate against an employee in the terms, conditions, location and privileges of employment because the employee, acting in good faith, reports to the employer or a public entity, what the employee has reasonable cause to believe is a violation of law or a condition, practice or situation that put at risk the health or safety of that employee or another individual and/or that the employer or employee participates in an investigation or inquiry held by that public entity.

39. As hereinabove alleged, Plaintiff acting in good faith reported to Defendant and the Westbrook Maine Police Department that an intoxicated person attempted to purchase alcohol and put at risk Plaintiff's and other workers' and customers' health and safety and that Plaintiff refused the sale of alcohol to an intoxicated person and complained to Defendant that the Defendant had inadequate security and training to protect him and other employees and customers.

40. Defendant violated the Whistleblowers' Protection Act, 26 M.R.S.A. § 831, 26 M.R.S.A. § 570 and the Maine Human Rights Act when, after 18 years of loyal service, after reporting the violations of law/safety-health matter/inadequacies, Defendant fired Plaintiff. Defendant retaliated and fired Plaintiff because of his protected activities. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered losses in compensation (past, present and future), earning capacity, career path, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

41. Defendant's wrongful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

42. By virtue of the foregoing, Defendant is liable to Plaintiff for wrongful discrimination, retaliation and discharge in violation of the Whistleblower Protection Act, 26 M.R.S.A. § 831, 26 M.R.S.A. § 570 and the Maine Human Rights Act, in an amount to be determined together with interest costs and attorneys' fees. Plaintiff seeks recovery of all available remedies and forms of damages including punitive damages.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs one through 42, as if set forth fully herein.

44. Defendant, by its outrageous employment actions, intentionally or recklessly, inflicted severe emotional distress or its conduct was substantially certain to inflict severe emotional distress on Plaintiff.

45. Defendant's conduct was and is intended or calculated to improperly harm Plaintiff and inflict severe emotional distress on Plaintiff.

46. Defendant intentionally, recklessly and/or wrongfully inflicted severe emotional distress on Plaintiff when Defendant intentionally, improperly fired Plaintiff in violation of Defendant's policies and in violation of state and federal anti-discrimination and anti-retaliation laws.

47. The Defendant's conduct is extreme and/or outrageous, and exceeds the boundaries of decency and is atrocious, intolerable and unacceptable for a civilized community.

48. The Defendant's conduct caused and continues to cause severe emotional distress to Plaintiff, emotional distress so severe that no reasonable person should be expected to endure it, and Plaintiff in fact exhibits signs and manifestations of extreme emotional distress including weight fluctuations, sleep disorders, eating disorders, body and head pain, anxiety and irritability, gastrointestinal pain, fatigue issues, nausea, palpitations, depression, worrying and mood swings.

49. It was or should have been foreseeable that the occurrence of emotional distress to Plaintiff would result from Defendant's conduct.

50. Defendant owed duties of care not to violate state and federal anti-discrimination and anti-retaliation laws, and Defendant's own policies, and harm Plaintiff and not to cause Plaintiff economic, employment, career and emotional damages.

51. The Defendant's wrongful conduct is the direct and proximate cause of injury and damage to Plaintiff. Plaintiff has suffered losses in compensation (past, present and future), earning capacity, career path, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

52. Defendant's wrongful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

53. By virtue of the foregoing, Defendant is liable to Plaintiff for intentional infliction of emotional distress in an amount to be determined together with interest and costs. Plaintiff seeks recovery of all available remedies and forms of damages including punitive damages.

54. Defendant is liable to Plaintiff in an amount to be determined, together with past and future medical expenses, punitive damages, interests and costs.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs one through 54, as if set forth fully herein.

56. Defendant, by its negligent employment actions, negligently inflicted severe emotional distress or its conduct was foreseeable to inflict severe emotional distress on Plaintiff.

57. Defendant's conduct was negligent and did improperly harm Plaintiff and inflict severe emotional distress on Plaintiff.

58. Defendant negligently inflicted severe emotional distress on Plaintiff when Defendant improperly fired Plaintiff in violation of Defendant's policies and state and federal anti-discrimination and anti-retaliation laws.

59. The Defendant's treatment of Plaintiff and violation of its policies and state and federal laws is extreme and/or outrageous, and exceeds the boundaries of decency and is atrocious, intolerable and unacceptable for a civilized community.

60. The Defendant's conduct caused and continues to cause severe emotional distress to Plaintiff, emotional distress so severe that no reasonable person should be expected to endure it, and Plaintiff in fact exhibits signs and manifestations of extreme emotional distress including weight fluctuations, sleep disorders, eating disorders, body and head pain, anxiety and irritability, gastrointestinal pain, fatigue issues, nausea, palpitations, depression, worrying and mood swings.

61. It was or should have been foreseeable that the occurrence of emotional distress to Plaintiff would result from Defendant's conduct.

62. Defendant owed duties of care not to violate its policies and state and federal anti-discrimination and anti-retaliation laws and harm Plaintiff and not to cause Plaintiff economic, employment, career and emotional damages.

63. The Defendant's wrongful conduct is the direct and proximate cause of injury and damage to Plaintiff. Plaintiff has suffered losses in compensation (past, present and future), earning capacity, career path, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

64. Defendant's wrongful actions were negligent and done with disregard for Plaintiff's rights.

65. By virtue of the foregoing, Defendant is liable to Plaintiff for negligent infliction of emotional distress in an amount to be determined together with interest and costs. Plaintiff seeks recovery of all available remedies and forms of damages including punitive damages.

66. Defendant is liable to Plaintiff in an amount to be determined, together with past and future medical expenses, punitive damages, interests and costs.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgement against Defendant as follows:

1. Enter a judgment in favor of Plaintiff on each Count of this Complaint;
2. Order Defendant to pay back pay, front pay, employment benefits and all other compensation denied or lost to Plaintiff by reason of Defendant actions, in amounts to be proven at trial;

3. Order Defendant to pay compensatory and special damages for Plaintiff's loss of career path, medical and counseling expenses (past and future) emotional pain and suffering (past and future) in amounts to be proven at trial;

4. Order Defendant to pay exemplary and punitive damages;

5. Order Defendant to pay attorneys' fees and costs of the action;

6. Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre and post judgment interest;

7. Grant all additional relief that is legally available.

## PLAINTIFF REQUESTS A TRIAL BY JURY

DATED at South Portland, Maine, July 10 2018.

Respectfully Submitted,
Robert R. Young,
By his attorneys,

Jeffrey Bennett, Esq., Bar No. 7223

LEGAL-EASE, LLC
MALLSIDE PLAZA
198 Maine Mall Rd., #15
South Portland, ME 04106
T: (207) 805-0055
F: (207) 805-0099